353 P.2d 165

**Arnell H. WELCHMAN and Eva B. Welchman, Plaintiffs and Appellants,**

**v.**

**Merrill J. WOOD, d/b/a Wood Realty Company, and Milo D. Carter, Defendants and Respondents.**

**No. 9160.**

Supreme Court of Utah.

June 17, 1960.

Victor A. Spencer, Salt Lake City, for appellants.

Oscar W. McConkie, Jr., Salt Lake City, for respondents.

WADE, Justice.

Did plaintiffs make a showing that they could produce evidence which would support a finding of fact, that in order to induce plaintiffs to make the exchange of real property, which was later consummated, defendants warranted that if they would make such exchange the ready cash which plaintiffs sought would be made available to them? This is the question raised on this appeal. There was a previous appeal in this case [1] from a summary judgment against the plaintiffs. In that case we reversed on the ground that defendants' showing did not preclude all genuine issue of material facts.

Plaintiffs, Mr. and Mrs. Welchman, appeal from a dismissal of their action on the merits and with prejudice. On the trial a jury was impaneled, the plaintiffs' attorney made his opening statement, Mr. Welchman testified and his previous deposition was considered and the action was dismissed on defendants' motion on the ground that plaintiffs' showing, when considered in the light most favorable to them, failed to

1. See Welchman v. Wood, 9 Utah 2d 25, 337 P.2d 410, for a more detailed statement of the facts.

indicate evidence which would support a recovery. Since the court did not hear all the evidence and did not make any findings of fact, this decision, the same as a summary judgment, should be reversed if defendants have failed to show that "there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." [2]

Plaintiffs, being in desperate need of ready cash on March 8, 1956, listed their home for sale with defendant Wood Realty Company for $21,000 cash. Defendant Carter was a real estate salesman with the Wood firm. On April 28, 1956, Carter presented to plaintiffs an offer by a couple named Granger to exchange their home at a price of $10,000 for plaintiffs' home at the listed price of $21,000 and pay the difference in monthly installments under a real estate contract. At first plaintiffs refused to accept such offer because it would not supply their need for ready cash. Whereupon according to Mr. Welchman's testimony Carter represented to them that if they would accept this offer the cash which they needed would be made available to them through an FHA loan of $8,600 on the Granger home with a net return to them of $3,500 and a sale of the Granger installment contract to purchase their home for $4,000, making a net cash return to plaintiffs of $7,500.

Plaintiffs further testified that Carter in substance said, "I will see that you get that loan," and "I will sell your contract for no less than $4,000, whereby you can attain your money." Plaintiffs further testified that Carter's representation that such cash would be made available to them was repeatedly made and that Carter for further assurance called Mr. Wood from their home, who said that the deal would go through that way. Welchman further testified that Carter offered to put this agreement that the cash would be made available to them in writing, but that relying on the word of both Mr. Carter and Mr. Wood, he did not insist on the writing. FHA refused to make the loan on the Granger home because there was a substantial defect in the foundation, and defendants failed to sell the sales contract of plaintiffs' home for the $4,000 as represented. Plaintiffs seek in the alternative the return of the $1,050 paid by them to defendants as their commission for the services rendered in effecting this exchange of property, or for the damages which they suffered on account of the failure of the defendants to make the ready cash available which they claim defendants had warranted in order to induce them to make the exchange.

The offer to exchange properties obtained by defendants was not alone sufficient without plaintiffs' acceptance to entitle defend-

2. See Utah Rules of Civil Procedure, Rule 56(c).

ants to a commission for their services under the listing contract. So plaintiffs could have refused to accept such offer without liability to defendants · unless defendants warranted or guaranteed that they would make the ready cash which plaintiffs needed available through the proposed loan on the Granger home and the sale of the installment contract for purchase of their home.

The fact that the representations claimed were that defendants would arrange the occurrence of future events does not indicate that there was not a warranty. A person may warrant the occurrence of future events or of events which could not possibly happen. The substance of such a warranty is in effect a promise to respond in damages proximately caused by the non-existence of a represented fact,[3] or the failure of a promised event to occur. A warranty is unlike a fraudulent misrepresentation, for it may rest on a promise that a specified event or events will happen in the future, or even that events which cannot possibly happen will occur. Recovery for breach of warranty does not require that the person making the representation or promise be aware that it is false. It is sufficient if there is a misrepresentation of an existing fact or a promise that a specified event will occur in the future, if such representation or promise has a natural tendency to induce another in reliance thereon to purchase, sell or exchange his property. Of course a statement purporting to be only an opinion or which is mere puffing sales talk is not a warranty.[4]

In 46 Am.Jur. 494, heading Sales, Section 313, it is said:

"* * * A seller may give a warranty against a future event. It is to be noted that the statutory definition of an express warranty includes any promise of the seller relating to the goods. To constitute an express warranty, the term 'warrant' need not be used; no technical set of words is required, and a warranty may be inferred from the affirmation of a fact which induces the purchase and on which the buyer relies and on which the seller intended that he should so do. It is not necessary that the warranty be in writing; a valid warranty may be made orally, and, if so made, will be given the same effect as a written one, * * *."

Section 60-1-12, U.C.A.1953, dealing with sale of goods, provides:

---

3. 6 Williston on Contracts Revised Edition 5416–18, Section 1934.
4. For authority for the propositions discussed in the above paragraph, see 46 Am.Jur. 494, Section 313 of "Sales";

Section 60–1–12, U.C.A.1953 and annotation of cases thereto appended; 17 C.J.S. Contracts §§ 329 and 342, pp. 781 and 795–796; 6 Williston on Contracts, Revised Edition 5416–18, Section 1934.

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty, if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only, shall be considered as a warranty."

Although this section was intended to apply to the sale of goods and not necessarily to the sale or exchange of real property, both plaintiff and defendant rely on and quote different provisions thereof, and as applied to the facts of this case it is an accurate statement of the law. It provides that any promise is an express warranty if the natural tendency thereof is to induce and it does induce a party to enter into such transaction. So there is no basis for respondents' claim that the representations made to plaintiffs could not be a warranty because they involve the happening of future events.

After careful study of plaintiffs' showing, we are satisfied that if the representations claimed were made, they would be sufficient to support a finding of fact that there was a warranty, and if so they would be entitled to recover. Plaintiffs were therefore entitled to a finding of fact on that question. So the court erred in dismissing this action.

Reversed. Costs to appellant.

CROCKETT, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.